## HAZELTON v. HAZELTON.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
    Trial court's finding that defendant husband had been guilty of extreme cruelty to plaintiff wife in suit for divorce by reason of his associations with other women *held*, amply supported by testimony in the record.

2. APPEAL AND ERROR—CHANCERY CASES—FINDINGS BY TRIAL COURT—EVIDENCE.
    Findings of the trial court in chancery matters are not disturbed on appeal, where supported by credible evidence and no credible evidence to the contrary is adduced.

3. SAME—CREDIBILITY OF WITNESSES.
    The credibility of a witness is better judged by the trier of the facts who has an opportunity to see and hear the witness testify than an appellate court which must depend entirely on the printed record.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 437.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 5 Am Jur 2d, Appeal and Error § 831.
[4] 17A Am Jur, Divorce and Separation § 924.

4. DIVORCE—DIVISION OF PROPERTY.

    An award of something less than half of the property of the parties to plaintiff wife upon grant to her of divorce terminating 25-year marriage *held*, not to indicate an abuse of discretion lodged in the court in making division of the property (CL 1948, § 552.101).

Appeal from Ingham; Peterson (William R.), J., presiding. Submitted Division 2 November 3, 1965 at Lansing. (Docket No. 1,036.) Decided December 20, 1965.

Complaint by Maude Hazelton against Reuben C. Hazelton for divorce on ground of extreme and repeated cruelty, with cross complaint by defendant on ground of desertion. Judgment for plaintiff. Defendant appeals. Affirmed.

*Jack W. Warren,* for plaintiff.

*Haskell L. Nichols,* for defendant.

T. G. KAVANAGH, J. After 25 years of marriage plaintiff, Maude Hazelton, sued for divorce on the ground of extreme cruelty. The defendant, Reuben C. Hazelton, filed a cross claim alleging desertion.

After a trial the chancellor found that the plaintiff had established her case and the defendant had not. He granted the plaintiff a divorce and awarded her something less than half of the property of the parties.

The defendant's appeal asserts that the court erred in awarding the divorce to the plaintiff, claiming the divorce should have been granted him, and also that the property awarded plaintiff was excessive.

The parties were the only witnesses at the trial. In his opinion the chancellor stated without equivocation that he did not believe the testimony of the

defendant and found the facts to be as the plaintiff testified.

Finding as he did that the defendant was guilty of cruelty in associating with other women, upon the ample testimony to that effect in the record, we accept his determination, and likewise his rejection in full of defendant's testimony as to desertion.

While appeals in chancery matters are heard *de novo,* we have traditionally declined to upset the findings of a chancellor when the record contains evidence to support his conclusions and no credible evidence to the contrary is adduced. A reading of the record does not move us to vary the trial court's finding one iota. We have long recognized that the opportunity to see and hear the witness as he testifies makes the trier of the facts a better judge of the credibility of a witness than one who must depend entirely on the printed record for his belief. See *Chubb* v. *Chubb* (1941), 297 Mich 501.

The award of property in a divorce action is by statute squarely within the sound discretion of the court. CL 1948, § 552.101 (Stat Ann 1957 Rev § 25.131). Nothing has been asserted here which could seriously be regarded as indicating an abuse of his discretion. *Pinchuk* v. *Pinchuk* (1947), 317 Mich 523.

Affirmed, with costs to appellee.

McGREGOR, P. J., and FITZGERALD, J., concurred.